**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUAREZ ROMERO, Luis Henrry,** | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| **v.** | : | |
| | : | **CIVIL ACTION** |
| **JAMISON, J.L., Warden, Federal Detention Center, et al.** | : | |
| | : | **No. 26-7458** |
| | : | |
| Respondents. | : | |

## ORDER

AND NOW, this 1st day of October, 2026, upon consideration of Suarez Romero's Petition for Writ of Habeas Corpus (ECF No. 1), and the response thereto, it is hereby ORDERED that the petition is GRANTED.[1] It is further ORDERED that:

[1] [1] Respondents contend that Petitioner is lawfully detained under 8 U.S.C. § 1226(a) and that he must first pursue the administrative custody-redetermination process before an immigration judge. ECF No. 4. Section 1226(a), however, provides discretionary—not mandatory—detention authority. Respondents point to the Form I-286 served on Petitioner on September 24, 2026 and emphasize that Petitioner requested immigration judge review of ICE's custody determination. *See* ECF No. 4. However, the record before the Court does not demonstrate that, before depriving Petitioner of his liberty, ICE made an individualized determination that detention was necessary based on Petitioner's risk of flight or danger to the community. Respondents instead maintain that § 1226(a) permits ICE to detain Petitioner without any pre-deprivation finding of dangerousness or flight risk and that Petitioner may obtain individualized review later through the immigration-court bond process. *See* ECF No. 4.

The Court concludes that, under the circumstances presented here, that process is insufficient. Petitioner was released from immigration custody on his own recognizance in 2023 and thereafter remained at liberty for more than three years. During that period, he alleges that he complied with the conditions of his release, attended his immigration hearings and scheduled ICE check-ins, timely sought immigration relief, maintained employment authorization, and had no criminal contacts. ECF No. 1 ¶¶ 20–23, 60. Yet nothing in the present record shows that ICE considered those circumstances—or any other individualized facts bearing on danger or flight risk—before deciding to re-detain him at a scheduled ICE check-in on September 24, 2026. Petitioner therefore was deprived of his liberty without a meaningful individualized determination that detention was warranted.

This conclusion is consistent with the distinction recognized following *Buele Morocho v. Warden Philadelphia FDC*, Nos. 26-1150 & 26-1454, 2026 WL 2546223 (3d Cir. Aug. 28, 2026): although DHS may possess statutory authority to detain a noncitizen under the applicable provision of the INA, the exercise of that authority remains subject to constitutional limits. Here, unlike a case in which the petitioner merely disagrees with the result of an individualized custody determination, the present record does not establish that ICE made an individualized assessment of whether Petitioner posed a danger or flight risk before re-detaining him. Petitioner's present detention followed no demonstrated individualized assessment of whether detention was necessary. The Court therefore concludes that his continued detention violates the Due Process Clause of the Fifth Amendment and orders his immediate release.

1. Respondents shall RELEASE Petitioner from custody immediately.
2. Respondents shall certify compliance with this Order by 6:00PM on October 1, 2026.
3. Respondents are temporarily enjoined from re-detaining Petitioner for seven (7) days following his release from custody.
4. Should Respondents seek to re-detain Petitioner after that period, they must first provide him with constitutionally adequate pre-deprivation process, including an individualized determination by a neutral decisionmaker whether detention is warranted based on danger to the community or risk of flight.

BY THE COURT:

HON. MIA R. PEREZ